IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01155-PAB

RENEE MAHEU,

      Plaintiff,

v.

PATRONS OXFORD INSURANCE COMPANY, and
ESURANCE INSURANCE COMPANY, a/k/a ESURANCE INSURANCE SERVICES, INC.,

      Defendants.

---

## ORDER OF REMAND

---

This matter is before the Court on the Notice of Removal [Docket No. 2] filed by defendant Patrons Oxford Insurance Company ("Patrons").  The notice of removal is procedurally defective because it does not evidence the consent of all defendants to removal and because it was filed out of time.  In addition, the notice fails to establish the Court's jurisdiction.

## I.  PROCEDURAL DEFECTS

Section 1446(b)(2)(A) of Title 28 provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  Courts understand this provision to mean that "[a] petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."  *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996); *see also*

*Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective.").  It is appropriate to remand cases when defendants have not consented to removal.  *See, e.g.*, *Glendening v. Genuine Parts Co., Inc.*, 960 F. Supp. 243 (D. Colo. 1997) (remanding for failure to obtain consent of all defendants).  There are two exceptions to the unanimity rule: a nominal party and a defendant not yet served do not need to join the petition for removal.  *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007).

The notice of removal here is silent regarding the consent of the served, non-removing defendant Esurance Insurance Company, *see* Docket No. 2-7 (defendant Esurance Company's Answer filed on March 31, 2014), and does not set forth any basis for finding that this case falls within one of the exceptions to the unanimity rule.  As a result, the notice is procedurally defective and subject to remand.  *See Cornwall*, 654 F.2d at 686.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  "Failure to file notice of the removal within the time set forth in § 1446(b) constitutes a defect in removal procedure, warranting a remand."  *Public Employees Retirement Ass'n of New Mexico v. Clearlend Securities*, 798 F. Supp. 2d 1265, 1269 (D.N.M. 2011).

Defendant Patrons was served on March 24, 2014, *see* Docket No. 2-4, and did not file the notice of removal until April 24, 2014–thirty-one days later.  *See* Fed. R. Civ.

P. 6(a)(1) (to compute a period of time stated in days, count every day, including

weekends and legal holidays, excluding the day of the event that triggers the period and

including the last day, unless it falls on a weekend or legal holiday).  This defect is

independently sufficient to justify remand.  *See Public Employees Retirement Ass'n,*

798 F. Supp. 2d at 1269.

## II.  SUBJECT MATTER JURISDICTION

Patrons alleges that this Court has subject matter jurisdiction over this case

based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See* Docket No. 2 at 3,

¶ 9.  With respect to the citizenship of the parties, Patrons alleges, in part, that:

- Plaintiff was a citizen of the State of Maine when the accident occurred as well as when she initiated this lawsuit, and that Plaintiff continues to reside in the State of Maine.

- Defendant Patrons is an entity formed and registered in the State of Maine. Defendant Patrons' principal place of business is in the State of Maine and the registered mailing address for the company is 178 Court Street, Auburn, Maine 04210.  For purposes of federal diversity jurisdiction, Defendant Patrons is a citizen of the State of Maine.

Docket No. 2 at 4, ¶¶ 12, 14.

In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d

1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may

not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the

Court's duty to do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)

("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court

has the duty to raise and resolve the matter.").  Second, "[s]ubject matter jurisdiction

cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction

early in the proceedings."  *Laughlin*, 50 F.3d at 873.  Finally, delay in addressing the

issue only compounds the problem if it turns out that, despite much time and expense

having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or

remanded regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard*

*Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28,

2009).

A defendant removing a case bears the burden of establishing the Court's

jurisdiction.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005)

("Because the jurisdiction of federal courts is limited, there is a presumption against our

jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.").

Patrons cites 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction.

Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between . . . citizens of different States."  Courts have

"consistently interpreted § 1332 as requiring complete diversity: In a case with multiple

plaintiffs and multiple defendants, the presence in the action of a single plaintiff from

the same State as a single defendant deprives the district court of original diversity

jurisdiction over the entire action."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545

U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 2 L.Ed. 435 (1806)).

The allegations in the notice of removal show that the parties are not completely diverse because plaintiff is a citizen of the same state as defendant Patrons.  *See Exxon Mobil*, 545 U.S. at 553.  Accordingly, the Court lacks subject matter jurisdiction over the entire case.  *See id*.  Wherefore, it is

**ORDERED** that this case is REMANDED to the District Court of Denver County, Colorado, where it was filed as Case No. 2014-CV-30834.

DATED April 28, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge